## McDONOUGH vs GORMAN ET AL.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Clerks of courts have the exclusive right of copying, or causing to be copied, the documents of which they are authorized to issue copies. They are answerable for the due and timely issuing of these copies, and for their correctness and fidelity ; and the parties have not the right to perform services which the law imposes upon clerks, and thus to deprive these officers from any part of the compensation which the law has provided for them.

The clerk has a right to charge for the copies, although he use those which are furnished by the plaintiff.

Copies of papers coming from a clerk's office must be official. He must certify that they are true copies ; and may charge for the certificates, but not for affixing to them seals.

Copies of citation require no seal.

Judgments of non-suit are considered as final in the cause, and whether they be entered up in one or more entries, the clerk has a right to charge against each defendant.

The costs may be taxed, although not required by either of the parties.

The clerk cannot charge for recording citations, and for certifying the recording of petitions, answers and citations.

The defendant, clerk of a court, charged for copies of the petition and citation, although they were made out, printed and furnished to him, by the plaintiff, at the expense of the latter. A charge was also made for certificate and seal to each copy of petition and citation ; and a further charge for entering up judgment of non-suit against each defendant, notwithstanding it was recorded in a single entry. The clerk having issued execution, it was enjoined by the plaintiff, and upon hearing dissolved—from which judgment the plaintiff appealed.

*McCaleb*, for appellant, made the following points :

1st. The office of clerk is established for the convenience of the *public*, not to give privileges and confer benefits on *the individuals holding the offices only*. They are only to be paid for services rendered, and as the clerk *did not copy* the petition, the charge is inadmissible.

2. The item for certificates—the law does not require,—so with the item for seals, none being required to copies of petitions.

3. The item for *copies of citation*, not chargeable. The services were not performed and no seal is required.

4. The judgment of *non-suit* was but *one judgment*, therefore only *one dollar* chargeable, even if a *non-suit* be a definitive judgment, which is doubted.

5. The charges for *taxing costs* not allowable, for they have never been re quired by either party.—C. P. 177, 178, 179, 183, 200; 1st Moreau's Dig. p. 462, sec. 1, Ibid p 468, sec. 15, 17; 2d Martin's rep. p. 146; 1st do. N. S. 258; 3d do. N. S. 580.

*Preston,* contra:

1st. A party plaintiff cannot deprive a clerk of his fees by doing his duty. The Code of Practice, art. 178, enjoins on the clerk *to make out a faithful and exact copy of the petition* and the fee bill gives *him the fee*. He is responsible for its correctness, must examine and correct it even if printed, and must have the compensation.

2. The copy of the petition should be certified and sealed, and is no otherwise authentic; and for this the law provides the fee charged.—1st Moreau's Dig. p. 464. The charge made by the clerk is conformiable to universal practice, not only of clerks, but of all keepers of public records.

3. The citations were sent out in originals and copies, conformably to law and practice; the one to be left, the other to be returned, served.

4. The costs *were due from each defendant for the service rendered him;* and are, therefore, to be *taxed and filed*, and certificate to be allowed if required.

Eastern District,
*April* 1831.

M'DONOUGH
*vs.*
GORMAN.

5. The citations were certainly to be recorded, under the act of 1825, to shew that defendants had been made parties to the suits, if the originals should ever be lost; and it is but prudent to certify that each original paper was recorded, least the record should be lost.

*Martin, J.*, delivered the opinion of the court.

The plaintiff is appellant of a judgment dissolving an injunction which he had obtained, to prevent one of the defendants as sheriff, and the other as clerk of a district court, from leveying out of his estate, the amount of certain costs claimed from him, the plaintiff, on the ground of their being illegal.

The statement of facts shew, that it was admitted by the plaintiff, that the defendant, in a certain case in which the former was plaintiff, issued seventy-eight copies of the petition with certificate and seal, there being so many defendants; each of which copies contained the number of words charged for; and he issued an equal number of citations with certificate and seal; filed an equal number of answers, each of which contained the number of words charged for, and entered the like number of nonsuits; but all of them in one entry. All the other services for which a remuneration is claimed are admitted, except that costs have been taxed according to the account sued on.

The defendant admitted, that the petitions and citations were printed and furnished by the plaintiff, by whom all the blanks were filled up, except the day of issuing was written by the defendant, who signed and sealed the same. Printed answers were furnished by the defendant, but he filled all the blanks in them.

The item first objected to, is a charge of four hundred and forty-one dollars and eighty-seven cents for copying seventy-eight petitions. It is claimed under the third article of the act of 1813, 1 *Moreau's Digest* 463. It is resisted, on the ground, that the defendant did not actually write the

copies, printed ones having been furnished him, at the expense of the plaintiff.

It does not appear to us, the first judge erred, in overruling the opposition of the plaintiff to this charge. Clerks of courts have the exclusive right of copying, or causing to be copied, the documents of which they are requested to issue copies. They are answerable for the due and timely issuing of these copies, and for their correctness and fidelity ; and the parties have not the right to perform services which the law imposes on clerks, and thus to deprive these officers from any part of the compensation which the law has provided for them. The plaintiff's counsel has not denied this, but has contended, that the defendant having voluntarily accepted printed copies from the plaintiff, for the express purpose of preventing the necessity of written ones, has waived his claim to furnish, and consequently to charge for the latter. Every condition is, in our opinion, in a moral point of view, tacitly added to a contract which it is indisputable would have been agreed to by both parties, had it been proposed ; and the converse of this proposition is equally true. Now in offering the printed copies to the defendant, if the plaintiff had proposed to him to renounce his right to charge for copying, it is clear they would not have been accepted : for the defendant could himself have had the copies printed for, perhaps, less than the hundredth part of what he was authorized to demand for them.

Another charge excepted to is, that of $19 50, for the certificate at the foot of each copy. This charge is allowed by the third article—id. 464—for every *necessary* certificate, and it is resisted on the ground, that the Code of Practice does not require copies to be certified,

We think it was properly admitted. Copies of papers coming from a clerk's office must be official. He must certify they are true copies.

The next charge is of $39, for seals to these certificates,

M2

Eastern District,
*April* 1831.

M'DONOUGH
*vs*
GORMAN.

Clerks of courts have the exclusive right of copying, or causing to be copied, the documents of which they are required to issue copies.— They are answerable for the due and timely issuing of these copies, and for their correctness and fidelity ; and the parties have not the right to perform services which the law imposes upon clerks, and thus to deprive these officers from any part of the compensation which the law has provided for them.

The clerk has a right to charge for the copies, altho' he use those which are furnished by the plaintiff.

We think it was improperly allowed. We find no specific allowance to clerk's for the seal to any copy. Copies being documents specified in the first section of the act of 1813, which are excluded in the first article of page 464.

Another, is a charge of thirty-nine dollars fifty cents, for seventy-eight copies of citation and seal, claimed under the 5th art. p. 463, resisted on the ground, that the Code of Practice requires citations to be sealed, and is silent as to copies. The objection was correctly overruled.

A charge of one dollar as] to a judgment of non suit, for each defendant;, they having severed in their pleas, was objected to, on the ground that it is doubtful that such a judgment is a final one ; and the Code of Practice, 559, is referred to ; and on the ground, that judgments in all the seventy-eight cases, were recorded in a single entry. We have often sustained appeals from judgments of nonsuit, on the ground of our considering them as final in the cause. The mode of entering the judgments, in one or more entries, is an immaterial circumstance, it has no bearing on the rights of the parties, and in either, the consequence is the same. The charge appears to us a legal one.

*The costs may be taxed, although not required by either of the parties.*

A charge for taxing costs is made, under the last article but one, in p. 463, and objected to, as they were not *required* to be taxed by either party. We think there is nothing in the objection.

The four last charges but one, amounting together to forty two dollars and sixty-eight cents, for recording citations, and for certifying the recording of petitions, answers and citations, are claimed under the act of 1825—2 *Moreau's Dig.* *p.* 293—do not appear to come within any of the provisions of the act.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided and reversed and that the injunction be made perpetual, as to the sum of eighty-one dollars and sixty-eight cents, and dissolved as to the remainder. The appellant paying costs in the District Court, and the appellee in this.